**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth BLANKENSHIP,
Defendant–Appellant.**

No. 94–3963.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1995.

Decided Oct. 6, 1995.

Rehearing Denied Nov. 7, 1995.

Jeffrey Rosanswank, Cape Girardeau, MO, argued, for appellant.

Thomas Mehan, Asst. U.S. Atty., St. Louis, MO, argued, for appellee.

Before MAGILL and HANSEN, Circuit Judges, and GOLDBERG,* Judge.

HANSEN, Circuit Judge.

Kenneth Blankenship entered a conditional plea of guilty to a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (1988). He conditioned his plea upon the right to appeal two pretrial orders. Blankenship now appeals the district court's [1] orders denying his motion to dismiss the indictment based upon the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, and sustaining the government's motion to exclude testimony on his alleged justification or coercion defense. We affirm.

## I. Background.

The parties stipulated that on February 20, 1992, law enforcement officers received a call that an individual, John Kellick, had been shot at the home of Kenneth Blankenship. When a deputy arrived, he saw a person in the yard with a gun. Some distance away an ambulance crew was waiting, afraid to approach and treat the victim until law enforcement officers were able to secure the area. After securing the area, police interviewed several people on the scene and learned that Kellick, accompanied by his son and two women, had come to the Blankenship's trailer home late that evening seeking the return of money that Kellick claimed Blankenship owed him for an automobile part. Kellick and Blankenship began arguing, Blankenship went back into the trailer, and returned to the argument with a shotgun. The shotgun discharged, and Kellick was killed.

---

* The HONORABLE RICHARD W. GOLDBERG, Judge, United States Court of International Trade, sitting by designation.

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

The government charged Blankenship with possessing a firearm that had been transported in interstate commerce, having previously been convicted of a felony. *See* 18 U.S.C. § 922(g). Blankenship pleaded not guilty and maintained that his actions were justified because he was acting to protect his family. Both Blankenship and the government filed several pretrial motions. Following a hearing, the magistrate judge [2] filed a report and recommendation concerning the disposition of these motions, which the district court adopted.

Before jury selection on the scheduled date of trial, the district court entertained two additional motions. Blankenship sought dismissal of the indictment, alleging a violation of the Speedy Trial Act. The district court denied the motion on the grounds that, assuming there had been a "technical" violation of the Act, (Pretrial Motions Hrg. Tr. at 10), there was no actual violation because "the ends of justice would not be met by dismissal either with or without prejudice." (*Id.* at 15.)

The government sought to exclude testimony which Blankenship intended to offer to prove a justification or coercion defense. Blankenship intended to demonstrate that he and his family were faced with an immediate threat of serious bodily injury and that he had no opportunity to avoid the possession of the shotgun. The district court sustained the government's motion, finding that even if this court would recognize such a defense, Blankenship had not presented evidence on every element necessary to submit it to the jury.

Following the district court's rulings on these motions, Blankenship entered a conditional plea of guilty. Blankenship now appeals the district court's denial of his motion to dismiss and the district court's decision to exclude testimony.

## II. Speeedy Trial.

■ "The Speedy Trial Act requires that a federal criminal defendant be brought to trial within 70 days of the filing of the indictment or of arraignment, whichever is later." *United States v. Koory,* 20 F.3d 844, 846 (8th Cir.1994); 18 U.S.C. § 3161(c)(1). When computing the 70–day time period, certain periods of delay are excluded. *See* 18 U.S.C. § 3161(h). "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by [the excluded delays of] section 3161(h), the information or indictment *shall* be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2) (emphasis added); *see also Koory,* 20 F.3d at 846 ("When a violation of the time limits of the Act is shown to have occurred, dismissal is mandatory on motion of the defendant.") (citing *United States v. Kramer,* 827 F.2d 1174, 1176 (8th Cir.1987), and *United States v. Wiley,* 997 F.2d 378, 385 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 600, 126 L.Ed.2d 565 (1993)). "Although dismissal upon a violation of the Act is mandatory, the Act grants the trial judge the discretion to dismiss the case with or without prejudice" upon consideration of all of the factors listed by Congress in section 3162(a)(2). *Kramer,* 827 F.2d at 1176; *see also Koory,* 20 F.3d at 846. We review the facts of a speedy trial determination for clear error and the legal conclusions de novo. *See United States v. Duranseau,* 26 F.3d 804, 808 (8th Cir.) (citing *Koory,* 20 F.3d at 847), *cert. denied,* —— U.S. ——, 115 S.Ct. 341, 130 L.Ed.2d 298 (1994); *see also United States v. Bermea,* 30 F.3d 1539, 1566 (5th Cir.1994), *cert. denied,* —— U.S. —— and —— U.S. ——, 115 S.Ct. 1113 and 115 S.Ct. 1825, 130 L.Ed.2d 1077 and 131 L.Ed.2d 746 (1995).

In this case, the district court assumed from the dates in issue that there was a technical violation of the Act. The district court then considered the statutory factors of the prejudice determination and chose not to dismiss the case. Finding no violation of the Act, we affirm the district court's decision to deny Blankenship's motion to dismiss but for different reasons than those articulated by the district court.

---

**2.** The Honorable Lewis M. Blanton, United States Magistrate Judge for the Eastern District of Missouri.

The relevant timeline for this case is as follows:

January 27, 1994  Arraignment.

February 3, 1994  Pretrial motions were filed.

March 14, 1994  Hearing was held on pretrial motions (Blankenship requested hearing transcript).

April 15, 1994  Hearing transcript was filed.

June 21, 1994  Magistrate judge filed report & recommendation.

July 19, 1994  District court adopted report & recommendation.

August 12, 1994  Blankenship moved to dismiss indictment.

From this chronology we can draw several conclusions. The speedy trial clock began to run on the date of arraignment. *See* 18 U.S.C. § 3161(c)(1). From arraignment to the filing of the pretrial motions, six speedy trial days ran. *See United States v. Moses,* 15 F.3d 774, 777 (8th Cir.) (stating the date on which the motion is filed is excludable), *cert. denied,* — U.S. ——, 114 S.Ct. 2691, 129 L.Ed.2d 822 (1994). The period between the filing of the pretrial motions (February 3) and the hearing on the pretrial motions (March 14) is an excluded period of delay under the Act, which does not count against the 70–day limit. *See* 18 U.S.C. § 3161(h)(1)(F). *See also Henderson v. United States,* 476 U.S. 321, 330, 106 S.Ct. 1871, 1876–77, 90 L.Ed.2d 299 (1986) (subsection (F) excludes "all time between the filing of a motion and the conclusion of the hearing on that motion").

A period of 98 days elapsed between the hearing on the pretrial motions (March 14) and the date when the magistrate judge filed his report and recommendation (June 21). The parties disagree on which portion of this time period is excluded from the speedy trial calculation because, although the hearing concluded on March 14, the hearing transcript, which the magistrate judge used in his decision, was not filed until April 15. Two subsections are key to determining the excludable time here: subsection (F) and subsection (J).

■  Subsection (F) excludes the period of delay from the filing of a pretrial motion through the conclusion of the hearing, "whether or not a delay in holding that hearing is 'reasonably necessary.'" *Henderson,* 476 U.S. at 330, 106 S.Ct. at 1877 (overruling *United States v. Ray,* 768 F.2d 991 (8th Cir.1985)). Subsection (J) provides that a period of 30 days "during which any proceeding concerning the defendant is actually under advisement by the court" is excluded from the statutory speedy trial calculation. 18 U.S.C. § 3161(h)(1)(J). This 30–day period of allowable delay applies to magistrate judges as well as to district judges. *United States v. Long,* 900 F.2d 1270, 1275 (8th Cir.1990). Subsection (J) and subsection (F) are intertwined, to an extent, because a judge does not necessarily take every motion "under advisement" within the meaning of subsection (J) at the close of the hearing. Occasionally, there is a need for additional materials to be submitted after the hearing in order to properly dispose of the motion. For this reason, the Supreme Court has held that "subsection (F) excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion." *Id.* at 331, 106 S.Ct. at 1877. Similarly, our court has stated that "when a pretrial motion requires a hearing, the excludable period runs ... until the date when the parties have submitted any additional materials requested by the court." *Long,* 900 F.2d at 1274.

■  In this case, the hearing encompassed several pretrial motions. Blankenship's motions to suppress required highly fact-intensive inquiries into the admissibility of evidence and particular statements. The magistrate judge notes in the introductory paragraph of the report and recommendation that Blankenship requested the transcript and recites its filing date. The magistrate judge wrote a very factually detailed 30–page report and used direct quotes from the hearing transcript in the analysis of important issues. Precise facts and statements were crucial to the disposition of the motions to suppress. We conclude that the transcript, requested by Blankenship and extensively relied upon by the magistrate judge in the report and recommendation, was needed for proper dis-

position of the pretrial motions. We further conclude that the magistrate judge implicitly so held. Thus, the motions were not "under advisement" within the meaning of subsection (J) until the date when the hearing transcript was filed.

■ Having concluded that the transcript was necessary to dispose of the motions, it follows that the time from the hearing to the filing of the transcript is excluded pursuant to subsection (F). For 30 days after the date the transcript was filed, the motions were "under advisement" within the meaning of subsection (J), a period excluded from the speedy trial calculation. After the 30-day period expired, the speedy trial clock began to run again, and 36 includable days lapsed before the magistrate judge filed the report and recommendation. The date of filing of the report is an excludable day. *See Moses,* 15 F.3d at 777.

■ As to the next period of time, there is no dispute that from June 21 until the district court adopted the report and recommendation on July 19 is excluded from the speedy trial calculation pursuant to subsection (J) as delay attributable to motions under advisement because the district court ruled within 30 days. The final 23-day period, from July 20 to the date when Blankenship filed his motion to dismiss for violation of the Speedy Trial Act (August 12), is properly included in the speedy trial calculation.

Thus, our calculation of the time periods included in the speedy trial calculation is as follows: 6 days before the pretrial motions were filed + 36 days following the 30-day grace period for motions "under advisement" + 23 days after the district court adopted the report and recommendation. This adds up to 65 days, which is within the 70-day speedy trial limit. Accordingly, the government properly brought the case to trial within the 70-day limitation of the Speedy Trial Act, and the district court did not err by denying Blankenship's motion to dismiss the indictment.

We suggest that judges hearing motions in criminal cases who need to receive additional evidence or materials before they can consider the matter submitted, indicate on the record or by an order placed in the file the necessity for the materials and the fact that the motion will not be deemed submitted until the specifically identified case materials are on file.

### III. Justification Defense.

"[T]he Eighth Circuit has not ever actually recognized a so-called justification defense to 18 U.S.C. § 922(g)." *United States v. Martin,* 62 F.3d 1009, 1011 (8th Cir.1995). *See also United States v. Jibri Ali,* 63 F.3d 710, 717 at n. 9 (8th Cir.1995); *United States v. Redding,* 16 F.3d 298, 300 n. 2 (8th Cir.1994); *United States v. Stover,* 822 F.2d 48, 50 (8th Cir.1987). Nevertheless, Blankenship argues that the district court committed clear error by sustaining the government's motion to exclude testimony which Blankenship intended to offer as relevant to a justification or coercion defense.

■ We have previously noted that in other circuits the justification defense requires proof of the following four elements:

(1) that defendant was under an unlawful and present, imminent, and impending [threat] of such a nature as to induce a well-grounded apprehension of death or serious bodily injury, (2) that defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be [forced to choose the criminal conduct], (3) that defendant had no reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm, and (4) that a direct causal relationship may be reasonably anticipated between the [criminal] action taken and the avoidance of the [threatened] harm.

*Stover,* 822 F.2d at 50 n. 3 (quoting *United States v. Gant,* 691 F.2d 1159 (5th Cir.1982)) (internal quotations omitted, alterations in original). In a similar vein, a coercion defense requires proof of the following:

Coercion which will excuse the commission of a criminal act must be immediate and of such nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done. One who has full opportunity to avoid the act without

danger of that kind cannot invoke the doctrine of coercion and is not entitled to an instruction submitting that question to the jury. *United States v. May*, 727 F.2d 764, 765 (8th Cir.1984) (quoting *Shannon v. United States*, 76 F.2d 490, 493 (10th Cir.1935)). Even if we were to recognize a justification defense, evidence of either justification or coercion may be stricken if the defendant is unable to present proof of all elements of the defense. *Id.*

Blankenship's proffered evidence would tend to show that an intoxicated Kellick, accompanied by his son and two women, came to Blankenship's trailer home after midnight, seeking the return of some money and threatening harm to Blankenship and his family if he did not pay. Blankenship took the threats of harm seriously because he knew Kellick to have a reputation for violence when he was intoxicated and to have a reputation for carrying a knife or razor in his possession. Blankenship went out to talk to Kellick. When the confrontation escalated, Blankenship returned to his bedroom in the trailer, put on his pants, and exited through the back door when Kellick was not paying attention. Blankenship walked to his father's nearby trailer, retrieved a shotgun, and returned to the yard to protect his family. Neither Blankenship nor his father had a telephone. The two men became involved in a scuffle as Kellick refused to leave and grabbed for the shotgun. The shotgun inadvertently discharged in the scuffle and killed Kellick.

Having reviewed Blankenship's proffer of evidence, we agree with the district court's conclusion that the facts offered were not sufficient to establish either the defense of justification or coercion. First, Blankenship recklessly placed himself in the situation. He did not have to open the door or go outside to confront Kellick. Once inside again, Blankenship could have remained there, but instead he chose to slip out the back, go to a nearby trailer, retrieve a shotgun, and return to continue the confrontation. Second, Blankenship had reasonable alternatives. Instead of going for the gun, he could have gone for help himself or sent his wife to the neighbors' residence to call the police as he did after the shooting. Third, there was no evidence that Kellick was armed or presented a real threat of serious harm to Blankenship or his family. Given this record, even if we were to recognize a defense of justification, neither that defense nor the defense of coercion would be available to Blankenship. Consequently, the district court properly sustained the government's motion to exclude testimony.

## IV. Conclusion.

For the reasons outlined above, we reject Blankenship's arguments on appeal and affirm the judgment of the district court.