# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2157

_____

United States of America,         *
                                         *

         Appellee,         *
                                         *    Appeal from the United States

      v.                  *    District Court for the
                                       *    Western District of Missouri.

Bobbie Lee Lawson,         *
                                       *

         Appellant.        *

_____

Submitted: November 17, 1998
Filed: April 9, 1999

_____

Before MCMILLIAN, FLOYD R. GIBSON and HANSEN, Circuit Judges.

_____

FLOYD R. GIBSON, Circuit Judge.

Bobbie Lee Lawson was convicted of four counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1994).[1] The district

---

[1] To convict Lawson of being a felon in possession of a firearm, the government had the burden to prove beyond a reasonable doubt that (1) Lawson had previously been convicted of a crime that was punishable by a term of imprisonment exceeding one year; (2) Lawson knowingly possessed a firearm; and (3) the firearm had been in or had affected interstate commerce. See 18 U.S.C. § 922(g)(1); United States v. Taylor, 122 F.3d 685, 688 (8th Cir. 1997). To clarify, we note that a "crime punishable by imprisonment for a term exceeding one year" does not include certain misdemeanors nor certain business crimes. 18 U.S.C. § 921(a)(20) (1994).

court[2] sentenced Lawson to 235 months of imprisonment and five years of supervised release. On appeal, Lawson contends that (1) the reading of the government's stipulation, which stated that Lawson had three prior felony convictions but did not state the name or nature of these convictions, prejudiced the jury and violated Old Chief v. United States, 519 U.S. 172 (1997);[3] (2) the district court erred in refusing to sever Count Four which, like Counts One, Two, and Three, charged him with being a felon in possession of a firearm; and (3) the district court erred in submitting certain jury instructions because they did not accurately state the law. For the reasons discussed below, we affirm.

## I.    BACKGROUND

On March 27, 1994, Lawson pawned a Smith and Wesson, Model 49, .38 caliber revolver at King's Row Antiques and Pawn ("King's Row") in Fulton, Missouri. In exchange, Lawson received a fifty dollar loan. This firearm was manufactured in Springfield, Massachusetts. On April 2, 1994, Lawson returned to King's Row, paid the outstanding charges, and took the firearm out of pawn. On April 25, 1994, Lawson again returned to King's Row and pawned the same firearm.[4]

---

[2]The HONORABLE SCOTT O. WRIGHT, United States District Judge for the Western District of Missouri.

[3]In Old Chief, the United States Supreme Court held that when a defendant makes an offer to stipulate which is specific enough to establish felon status for purposes of section 922(g), and when "the prior conviction is for an offense likely to support conviction on some improper ground, . . . the risk of unfair prejudice . . . substantially outweigh[s] the discounted probative value of the record of conviction." Id. at 191.

[4]Lawson's pawning of this Smith and Wesson .38 caliber revolver constituted Counts One, Two, and Three of the Superseding Indictment.

On December 6, 1994, Michael Lee Nickens, Sr. reported to the Fulton, Missouri Police Department that Lawson and he had been involved in a dispute and that Lawson had shot at him. After the police responded and surrounded Lawson's residence, the police discovered that Lawson had suffered a gunshot wound to the abdomen. Following Lawson's surrender, police searched the residence which Lawson shared with his mother, Goldie Mae Cross. In a trash can located near the entrance to the bedroom where the officers had observed Lawson prior to this surrender, the officers discovered a Harrington and Richardson, Model 632, .32 caliber revolver. This firearm was manufactured in Gardner, Massachusetts.[5]

On December 14, 1994, after finding that Lawson previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, the federal grand jury returned an Indictment charging Lawson with three counts[6] of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On October 25, 1995, Lawson entered a plea of guilty to Count One of the Indictment pursuant to a written Plea Agreement. On January 30, 1996, the district court sentenced Lawson to 180 months in prison and three years of supervised release. Lawson appealed his sentence, asking that this Court allow him to withdraw his guilty plea because the district court allegedly did not inform Lawson of the possible maximum sentence or the effects of a violation of his supervised release. On June 20, 1997, this Court vacated Lawson's conviction and sentence and remanded the case to the district court for further proceedings.[7]

On September 4, 1997, the grand jury returned a Superseding Indictment, recharging Lawson with the three previous counts of being a felon in possession of

[5]Count Four of the Superseding Indictment arose from this incident.

[6]These three counts only involved the pawning transactions at King's Row.

[7]See United States v. Lawson, No. 96-1403, 1997 WL 337555, at *2 (8th Cir. June 20, 1997) (per curiam).

a firearm and adding a fourth count which also charged Lawson with being a felon in possession of a firearm, all in violation of 18 U.S.C. § 922(g)(1).

On October 21, 1997, Lawson filed a motion to sever Count Four of the Superseding Indictment from Counts One, Two, and Three. In addition, Lawson filed a motion in limine to suppress evidence of his prior criminal convictions and offered to stipulate that he had been convicted of a crime punishable by imprisonment exceeding one year. The district court denied both motions.

On December 10, 1997, after a two-day trial, the jury found Lawson guilty on all counts. The district court sentenced Lawson to 235 months of imprisonment and five years of supervised release. Lawson appeals.

## II.    DISCUSSION

### A.    Old Chief Analysis

As his first point on appeal, Lawson argues that the district court erred in rejecting his proposed stipulation[8] that he previously had been convicted of a felony and in permitting the reading of the government's stipulation[9] that Lawson had three

---

[8]Specifically, Lawson offered to stipulate that "the Defendant has been convicted of a crime punishable by imprisonment exceeding one (1) year." Appellant's App. at 12.

[9]The district court allowed the following stipulation to be read to the jury:

> [THE GOVERNMENT]: Your Honor, at this time I propose to read to the jury the stipulation that the parties agreed to with regard to the defendant's conviction. "On or about March 4th, 1968, in Circuit Court of Boone County[,] Missouri, the defendant, Bobbie Lawson, was convicted of a crime punishable by a term of imprisonment exceeding one year. On or about October 2nd, 1972, in the Circuit Court of

prior felony convictions which spanned the time period of 1968 to 1990. Lawson contends that, by admitting this evidence, the district court allowed the government to paint Lawson as a career criminal which lured the jury into a sequence of bad character reasoning. This career criminal image created a substantial risk of unfair prejudice to Lawson's defense, in violation of Old Chief, 519 U.S. at 185, 191.

The government counters that the district court did not err in allowing the reading of a stipulation that Lawson had three prior felony convictions because this stipulation did not mention the name or nature of the felonies. Therefore, the government concludes that this stipulation did not violate Old Chief because the sole issue in Old Chief was "whether a district court abuses its discretion if it spurns . . . an offer [to stipulate] and admits the full record of a prior judgment, when the *name or nature* of the prior offense raises the risk of a verdict tainted by improper considerations." Id. at 174 (emphasis added).

We agree with the government's analysis of the particular issue in Old Chief. In Old Chief, a majority of the Supreme Court determined that:

---

Audrain County, Missouri, the defendant was convicted of a crime punishable by a term of imprisonment exceeding one year. And that on or about April 23, 1990, in the Circuit Court of Boone County, the defendant, Bobbie Lawson, was convicted of a crime punishable of imprisonment exceeding one year." And Your Honor, if you could, could you please, I just request that you read that instruction on the stipulation to them at that time, if you --

THE COURT: All right. The Government and the defendant have stipulated, that is, they have agreed, that certain facts are as counsel has just stated. You should therefore treat those facts as having been proved.

Tr. at II-5-6.

there can be no question that evidence of the *name or nature* of the prior offense generally carries a risk of unfair prejudice to the defendant. That risk will vary from case to case . . . but will be substantial whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning.

Id. at 185 (emphasis added); see also United States v. Blake, 107 F.3d 651, 652 (8th Cir. 1997) (same). However, this case presents a slightly different issue. Although the parties dispute whether the district court's rejection of Lawson's offer to stipulate and the reading of the government's stipulation setting forth the dates and jurisdiction for three of Lawson's prior convictions sufficed to trigger Old Chief, we do not need to reach this issue.

The reason that we do not reach this issue is because, "[t]o warrant relief under Old Chief, the asserted error must not be harmless." United States v. Harris, 137 F.3d 1058, 1060 (8th Cir.) (citations omitted), cert. denied, 119 S.Ct. 120 (1998). Rule 52(a) of the Federal Rules of Criminal Procedure provides that an error is harmless if it "does not affect substantial rights." Fed.R.Crim.P. 52(a). We interpret Rule 52(a) to require reversal of a conviction "only if the jury may have been substantially swayed by improperly admitted evidence." Taylor, 122 F.3d at 688 (internal quotation and citation omitted).

In the instant case, even if we assume, without deciding, that the district court abused its discretion in allowing the government's stipulation and that the government had the burden to prove that the asserted error was harmless, we nonetheless conclude that any error was, in fact, harmless because the evidence of Lawson's guilt was overwhelming.

Lawson agreed to stipulate to the first element of the offense: that he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year. Regarding the second element, the government produced overwhelming

evidence at trial of Lawson's knowing possession of the firearm in Counts One, Two, and Three.  The owner/proprietor of King's Row, Millard Lander, identified Lawson in court and testified that Lawson brought a Smith & Wesson, Model 49, .38 caliber to King's Row to pawn, signed a pawn receipt, later returned to the pawn shop to take the same firearm out of pawn, and subsequently repawned this firearm to Mr. Lander.  Mr. Lander also produced various pawn shop documents that recorded these pawn transactions, and a handwriting expert testified that Lawson's known signature matched the signatures on these pawn documents.

The government similarly produced overwhelming evidence of Lawson's knowing possession of the firearm in Count Four.  Michael Nickens testified that he saw Lawson carrying a revolver and that Lawson shot this revolver at Nickens.  When police officers executed a search warrant at Lawson's residence,[10] they found a Harrington & Richardson, Model 632, .32 caliber revolver in a trash can located near an entrance to the bedroom where the officers had seen Lawson immediately prior to his arrest.

Finally, the third element of the offense--that the firearms that Lawson possessed had been in or had affected interstate commerce--was also proven beyond a reasonable

doubt with overwhelming evidence.  Both parties agreed to the government's reading of the following stipulation at trial: "The Smith & Wesson Model 49 .38 caliber revolver, Serial Number 727001 was manufactured by Smith & Wesson in Springfield, Massachusetts. . . .  The Harrington & Richardson Model 632 .32 caliber revolver, Serial Number AY007766, firearm was manufactured in Gardner, Massachusetts." Tr. II-21.  We find that this stipulation satisfies "the minimal nexus

_____

[10]Each of the pawn documents listed Lawson's address as 818 Westminister, which was the location where the officers found Lawson and the Harrington & Richardson revolver.

that the firearms have been, at some time, in interstate commerce," that is, that the firearms at some point prior to Lawson's possession in Fulton, Missouri, crossed a state line. United States v. Shelton, 66 F.3d 991, 992 (8th Cir. 1995) (per curiam) (internal quotations and citations omitted).

Accordingly, we conclude that any error in rejecting Lawson's stipulation in favor of the government's stipulation was harmless. We are convinced that the jury could not have been substantially swayed by the improperly admitted evidence, given the overwhelming evidence of Lawson's guilt.

**B.      The District Court's Denial of Lawson's Motion to Sever Count Four**

Lawson also argues that the district court erred in failing to sever Count Four from Counts One, Two, and Three because the joinder of these counts prejudiced Lawson by (1) allowing the jury to accumulate evidence against Lawson to draw the conclusion that Lawson is a career criminal; (2) allowing the jury to use proof that Lawson may be guilty of one offense as proof of his guilt of another crime; and (3) preventing Lawson from testifying in his own defense when Lawson desired to testify on Count Four but not on Counts One, Two, and Three. Lawson contends that the district court, in concluding that joinder of all four counts was just and nonprejudicial, ignored that the circumstances surrounding Count Four differed substantially from the facts surrounding the other counts. For example, the evidence regarding Count Four consisted of a different weapon and depicted a violent shooting occurring eight months after the pawning activity in Counts One, Two, and Three.

We leave the determination of a motion for severance to the district court's sound discretion and will not reverse this determination absent a showing of an abuse of that discretion which resulted in clear prejudice. See United States v. Mason, 982 F.2d 325, 327 (8th Cir. 1993).

Rule 8(a) of the Federal Rules of Criminal Procedure governs the joinder of offenses. Rule 8(a) provides that "[t]wo or more offenses may be charged in the same indictment . . . in a separate count for each offense if the offenses charged . . . are of the same or similar character." Fed. R. Crim. P. 8(a). However, Rule 14 of the Federal Rules of Criminal Procedure provides a mechanism for relief from prejudicial joinder. Rule 14 states that "[i]f it appears that a defendant . . . is prejudiced by a joinder of offenses . . . , the court may order . . . separate trials of counts." Fed. R. Crim. P. 14. In order for us to conclude that the district court abused its discretion, Lawson "must show that the denial of severance clearly and actually prejudiced" him. United States v. Garcia, 785 F.2d 214, 220 (8th Cir. 1986).

In the present case, each count of the Superseding Indictment, including Count Four, charged Lawson with being a felon in possession of a firearm. Therefore, all four offenses charged are of the same character, and joinder of these offenses was proper under Rule 8(a). Furthermore, after reviewing Lawson's arguments and the evidence, we cannot conclude that the denial of Lawson's severance motion constituted an abuse of the district court's discretion because "the evidence of each [count] was simple and distinct, and there was little danger of the jury cumulating the evidence." United States v. Lewis, 547 F.2d 1030, 1033 (8th Cir. 1976). Abundant evidence existed of Lawson's possession of the relevant firearm for each count. Nothing in the record suggests that the jury could not keep separate the relevant evidence to each count, especially when the district court gave a separate verdict director for Count Four because Count Four involved a different firearm. The district court also specifically instructed the jury to consider each count and the relating evidence separately.[11] See, e.g., United States v. Coleman, 22 F.3d 126, 134-135 (7th

---

[11]This instruction stated:

The Indictment in this case charges the defendant with four different crimes . . . . Keep in mind that each count charged is a separate crime. You must consider each count separately and return a separate verdict for each count.

Cir. 1994) (finding that the district court did not abuse its discretion in denying the defendant's motion to sever his four separate felon in possession charges). For these reasons, Lawson failed to show that the district court's denial of his motion to sever resulted in clear and actual prejudice to him.

## C.    Alleged Instructional Errors

As his remaining point on appeal, Lawson contends that the district court erred in instructing the jury. "We examine the correctness of jury instructions as a whole and not atomistically, and we will not reverse a conviction based on an alleged error in instructing the jury unless that error was prejudicial." United States v. Whatley, 133 F.3d 601, 604-05 (8th Cir.) (citation omitted), cert denied, 118 S.Ct. 2347 (1998), and cert. denied, 118 S.Ct. 2357 (1998).

First, Lawson argues that the district court erred in submitting Instruction 14 (the verdict director for Counts One, Two, and Three) and Instruction 15 (the verdict director for Count Four), claiming that the third element of both instructions fails to accurately state the law. Specifically, the district court submitted the third element of the crime of being a felon in possession of a firearm as: "at some time prior to defendant's possession of the firearm, it was transported across a state line." Appellant's App. at 35, 36. Lawson contends that, instead, the term "affected commerce" should be used because section 922(g) and the Indictment use the "affected commerce" language. After reviewing Instructions 14 and 15 as a whole, we find that their third elements accurately state the law. Previously, we have held that the required element that the firearm in question must have been possessed "in or affecting" interstate commerce is satisfied if the firearm was transported across a state line prior to the defendant's possession. Shelton, 66 F.3d at 992 (internal

Tr. at II-138-139.

-10-

quotation and citation omitted). Therefore, the district court did not err in submitting Instructions 14 and 15 because these instructions accurately stated this Court's prior interpretation of the element of "in or affecting" interstate commerce.[12]

Second, Lawson argues that the district court erred in submitting Instruction 11[13] and in refusing to submit either of his two alternative instructions to Instruction 11. Lawson contends that Instruction 11 eliminates the required element that Lawson's possession of the firearm affected interstate commerce. After reviewing this instruction, we conclude that it also accurately states the law. Instruction 11 did not eliminate the required element that Lawson's possession of the firearms affect interstate commerce because it clearly references Instructions 14 and 15 which specifically set forth this requirement in the third element discussed above. In conclusion, we determine that "the jury instructions [in this case] . . . taken as a whole, fairly and adequately contained the applicable law." United States v. Cain, 128 F.3d 1249, 1252 (8th Cir. 1997).

## III. CONCLUSION

---

[12]We note that Instructions 14 and 15 mirror the Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 6.18.922 (1997) which states in relevant part that "the firearm was transported across a state line at some time prior to the defendant's possession of it."

[13]Instruction 11 stated:

The defendant, Bobbie Lawson, has stipulated that he has been previously convicted of a crime. That evidence alone does not mean that he committed the crimes charged here. To find the defendant guilty, you must also find that the defendant was in possession of a firearm, as set forth in instructions 14 and 15.

Appellant's App. at 34.

-11-

For the foregoing reasons, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.