# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3078

_____

United States of America

*Plaintiff - Appellee*

v.

Larry Lewis Cooney

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 18, 2014
Filed: July 22, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Larry Lewis Cooney entered a conditional guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He appeals,

arguing that the district court[1] erred in prohibiting him from presenting a justification defense. We affirm.

## I. Background

As a convicted felon, Cooney is prohibited from possessing firearms. In 2011, Cooney lived in a duplex with his fifty-year-old brother Warren Cooney (Warren) and his brother's family. Warren had a long history of health problems, including two heart attacks.

On October 27, 2011, Warren and nineteen-year-old Dwight Avance began to argue in the Cooney duplex. As the argument escalated and became physical, the two men took the fight outside, while Cooney remained within the residence. Once outside, Warren and Avance wrestled on muddy ground, near which several loose bricks were lying. Several onlookers had gathered, and some were concerned that Avance might strike Warren with one of the nearby bricks. Avance had gained the upper hand in the fight and had pinned Warren to the ground. After attempts to quell the fight proved unsuccessful, Warren's wife, Ressie, sent an onlooker into the duplex with instructions to tell Cooney to retrieve Ressie's gun from Warren's bedroom and to come outside to break up the fight. Moments later, Cooney exited the duplex, carrying the gun and yelling at the men to stop fighting. The men ignored the commands, whereupon Cooney ended the fight by firing a single gunshot into the air or into the ground. Warren's injuries from the fight consisted of a cut lip and a few scratches on his arms and hands.

Cooney was charged with one count of being a felon in possession of a firearm. Prior to trial, Cooney filed a notice of defense in which he disclosed his intent to

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

present a justification defense, specifically, the defense of others. In response, the government filed a motion in limine seeking to preclude Cooney from arguing such a defense. Following an evidentiary hearing, the district court granted the government's motion, after which Cooney entered a conditional guilty plea, reserving the right to appeal the district court's ruling on the government's motion. The district court sentenced Cooney as an armed career criminal, see 18 U.S.C. § 924(e)(1), and imposed the statutory mandatory minimum sentence of 180 months' imprisonment.

## II. Discussion

"We review de novo a district court's decision whether there is sufficient evidence to submit an affirmative defense to a jury." United States v. El-Alamin, 574 F.3d 915, 925 (8th Cir. 2009) (quoting United States v. Hudson, 414 F.3d 931, 933 (8th Cir. 2005)). We have previously declined to "recognize[ ] a defense of legal justification to a violation of § 922(g)." Id. (quoting Hudson, 414 F.3d at 933). We have indicated, however, that if we were to recognize the defense, we would require proof of the following four elements:

> (1) that defendant was under an unlawful and "present, imminent, and impending [threat] of such a nature as to induce a well-grounded apprehension of death or serious bodily injury," (2) that defendant had not "recklessly or negligently placed himself in a situation in which it was probable that he would be [forced to choose the criminal conduct]," (3) that defendant had no "reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm,'" and (4) "that a direct causal relationship may be reasonably anticipated between the [criminal] action and the avoidance of the [threatened] harm."

United States v. Poe, 442 F.3d 1101, 1103-04 (8th Cir. 2006) (alterations in original) (quoting United States v. Stover, 822 F.2d 48, 50 n.3 (8th Cir. 1987)). "To be entitled to a jury instruction on a justification defense, a defendant must show 'an underlying

evidentiary foundation as to each element of the defense,' such that a reasonable person could conclude that the evidence supported the defendant's position." Id. at 1104 (internal quotation marks omitted) (quoting Hudson, 414 F.3d at 933).

Cooney contends that he can establish an underlying evidentiary foundation as to all four elements of the justification defense. He thus asks us to recognize a justification defense to a § 922(g)(1) charge and to allow him to present the defense to a jury. Even if we were to recognize a justification defense in the context of this case, however, it would not be available to Cooney because he cannot establish all of the required elements.

At a minimum, Cooney cannot show that he had no reasonable, legal alternative to violating the law. First, Cooney could have called the police. We have held that a defendant cannot establish that he had no reasonable, legal alternative to violating the law if the record reflects that he could have called the police. See El-Alamin, 574 F.3d at 926; United States v. Blankenship, 67 F.3d 673, 678 (8th Cir. 1995). Aside from calling the police, Cooney could have attempted to break up the fight without using the gun. When Cooney exited the duplex, Warren and Avance were wrestling in the mud. Neither man had a weapon of any kind, and Cooney testified that he never saw Avance reach for a brick. Because no reasonable person could conclude that the evidence supports Cooney's claim that he lacked a reasonable, legal alternative to using the gun to break up the fight, the district court did not err in precluding Cooney from presenting a justification defense.

Alternatively, Cooney argues that the four-part test is too stringent in light of the United States Supreme Court's holding in District of Columbia v. Heller, 554 U.S. 570 (2008), that the Second Amendment protects an individual's right to keep and bear arms for the purpose of self-defense. The Court clarified, however, that this right was not without limitation, stating that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]"

Id. at 626. Nothing in Heller indicates that we should apply a different test in determining whether Cooney should have been allowed to present a justification defense, and thus we reject his argument to the contrary.

### III. Conclusion

The judgment is affirmed.

BYE, Circuit Judge, concurring in the result.

I agree we should affirm the district court's decision prohibiting Cooney from presenting a justification defense. I write separately because I do not agree entirely with the reasons the court gives for affirming.

The court concludes one of Cooney's reasonable, legal alternatives to using a firearm to break up his brother's fight was to call the police. Under the circumstances involved in this case, I disagree calling the police was a reasonable alternative. I do not understand how calling the police would have solved the imminent problem facing Cooney when he exited the duplex, the sight of Avance having close access to weapons (the bricks) that could have caused his brother serious injury or death. Neither the government nor our court explains how calling the police under those circumstances would have removed the immediate threat of serious injury facing Cooney's brother.

I do believe, however, Cooney had other reasonable, legal alternatives to protect his brother other than to possess and discharge a firearm. One alternative was simply to remove the bricks from Avance's reach by picking them up or kicking them out of reach. Another reasonable alternative was to use a weapon other than a firearm to attempt to break up the fight between the two men, such as a knife. For example, in United States v. El-Alamin, 574 F.3d 915 (8th Cir. 2009), we affirmed a district

court's rejection of a justification defense where the defendant entered his home and grabbed a knife because he feared an intruder was inside, but then swapped the knife for a firearm. In relevant part, we said the defendant could have chosen not to upgrade his weapon from a knife to a gun. Id. at 926. Similarly, in this case, Cooney could have first tried to break up the fight between his brother and Avance with a weapon other than a gun.

I concur in the result.

_____