---

No. 95-3587

---

United States of America,      *
    *
        Appellee,      *
    *    Appeal from the United States
    v.      *  District Court for the
    *  Western District of Missouri.
Vincent L. Lomax,      *
    *
        Appellant.      *

---

Submitted:  April 9, 1996

Filed:  July 3, 1996

---

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and HANSEN, Circuit
    Judges.

---

WOLLMAN, Circuit Judge.

Vincent Lomax appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), arguing that the district court[1] erred in refusing to allow him to present evidence to support either a justification or a legal ignorance defense and that prejudicial error was committed when a bench conference was overheard by the jury.  We affirm.

## I.  Facts and Background

On July 9, 1994, Lomax was pulled over for speeding.  When the officer ran the check necessary to issue Lomax a speeding ticket, the computer indicated that the car Lomax was driving had been

---

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

stolen.[2]  During a search of the vehicle's trunk, the arresting officer discovered a loaded Colt .45 semiautomatic pistol and a clip filled with bullets.  After a computer check revealed that Lomax was a convicted felon, he was arrested for possession of the firearm.

Lomax did not deny that he was in possession of the firearm at the time of his arrest.  Instead, he attempted to present evidence that his possession was justified because he believed that he was in danger and needed the gun for protection and that he also believed his civil rights had been restored at the time he possessed the gun, thus making the possession legal.

## II.  The Justification Defense

Lomax's justification defense is based on his claim that he had purchased the gun because he perceived that he was in imminent danger.  He asserts that he had received various threats of physical harm from several different individuals.  These alleged threats stemmed from his relationship with the ex-wife of one of his antagonists and the fact that his relatives apparently owed money to several other people who hoped to procure the money by threatening Lomax.

Although several other circuits have recognized a defense of legal justification to a violation of section 922(g), we have not done so, and on the facts of this case and for the reasons discussed below, we decline to do so now.

In general, to establish a justification defense a defendant

---

[2]Lomax was driving a rental car.  Apparently, the car had been reported stolen because Lomax had rented it with a check drawn on insufficient funds and had failed to return it for a month.  The car was returned after Lomax's arrest, and he was not prosecuted for its theft.

must show that:  1) he was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury; 2) that he had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to commit a criminal act; 3) that he had no reasonable, legal alternative to violating the law; and 4) that a direct causal relationship may be reasonably anticipated between the commission of the criminal act and the avoidance of the threatened harm.  United States v. Blankenship, 67 F.3d 673, 677 (8th Cir. 1995) (laying out the elements but declining to determine whether the defense is available in section 922(g) cases).

Those circuits which have recognized justification as a defense to a section 922(g) charge have construed the defense narrowly.  See United States v. Perrin, 45 F.3d 869, 874-75 (4th Cir.) (construing the defense narrowly and citing other circuits that have done so as well), cert. denied, 115 S. Ct. 2287 (1995).  Moreover, those cases which have allowed evidence of the defense have involved facts significantly more compelling than the generalized fear of harm experienced by Lomax.  See, e.g., United States v. Gomez, 81 F.3d 846, 850-54 (9th Cir. 1996) (recognizing defense for defendant who had received repeated death threats after acting as government informant against drug conspirator in murder-for-hire indictment and who had unsuccessfully sought protection from police, from government officials whom he had assisted, and from churches); United States v. Newcomb, 6 F.3d 1129, 1135-38 (6th Cir. 1993) (recognizing defense where defendant took gun from his girlfriend's son who had history of violence and was threatening to shoot third person, and where defendant possessed gun only long enough to unload and pocket the shells); United States v. Paolello, 951 F.2d 537, 542-43 (3d Cir. 1991) (recognizing defense where, during bar altercation, defendant knocked gun from attacker's hand to prevent him from shooting third person and then picked up the gun from the floor to prevent attacker from retrieving it); and

United States v. Panter, 688 F.2d 268, 269-72 (5th Cir. 1982) (recognizing defense where defendant, pinned to the floor after being stabbed in the abdomen by convicted murderer, reached under the bar for a club and instead retrieved a pistol).

Moreover, a defendant cannot claim justification as a defense for an illegal action that he chose to pursue in the face of other potentially effective, but legal, options.  See United States v. Kabat, 797 F.2d 580, 591 (8th Cir. 1986), cert. denied, 481 U.S. 1030 (1987).  Lomax implicitly argues that possession of a handgun was the only effective course of conduct available to thwart the potential physical danger he faced.  We reject this argument, for although Lomax states that he attempted to obtain a restraining order against one of his antagonists and filed a complaint against another, he appears to have exerted only minimal effort to act within the law to remedy his problems.

Because Lomax's proferred evidence was insufficient to establish the first and third elements of the justification defense, we need not determine whether (although we doubt that it did) it established the other two elements.  On the facts of this case, then, the district court did not err in refusing to allow Lomax to present evidence in support of a justification defense.

### III.  Ignorance Defense

Lomax next contends that the district court should have permitted him to present evidence to the jury of his belief that his civil rights had been restored and that his conduct was, therefore, lawful.  In United States v. Farrell, 69 F.3d 891, 893 (8th Cir. 1995), cert. denied, 116 S. Ct. 1283 (1996), we held that the "knowingly" element of section 922(g) applies only to the defendant's underlying conduct, not to his knowledge of the illegality of his actions.  Thus, Lomax's claim that he believed his possession to be lawful is irrelevant to the mens rea of the

-4-

offense, and the district court therefore properly excluded such evidence.

## IV.  The Sidebar Conference

Finally, Lomax requests that we remand his case to the district court for a hearing to determine whether the jury overheard a sidebar conference and, if so, whether he was prejudiced by this occurrence.  The sidebar conference at issue involved a discussion of evidence that Lomax had written a bad check to pay for the rental car that he was driving when he was arrested.  This evidence was ultimately excluded.

Because Lomax failed to raise this claim in the district court, we review for plain error.  United States v. Jenkins, 78 F.3d 1283, 1288 (8th Cir. 1996).  We should exercise our discretion to correct a plain error only when it "`seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"  United States v. Olano, 113 S. Ct. 1770, 1779 (1993) (alteration in original) (citation omitted).

We find that, even if the alleged error occurred, it did not rise to the level of plain error, and it was not of the type to seriously influence the fairness of Lomax's trial.  We assume, as we must, that the jury followed the judge's instruction directing it to consider only the evidence presented at trial.  See United States v. Koskela, No. 95-2829, slip op. at 2 (8th Cir. June 10, 1996).  Hence, if members of the jury did overhear improper information, we assume that they disregarded the information in compliance with the judge's instructions.  Moreover, we cannot see how evidence that Lomax had written a bad check for his rental car could possibly have influenced the outcome of the trial in light of the strong evidence of guilt and the fact that the jurors heard evidence of Lomax's past convictions for forgery, burglary, and issuing checks on insufficient funds.

The judgment is affirmed.

A true copy.

     Attest:

         CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.