# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1304

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Larry D. Cage, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 14, 2005
Filed: September 20, 2005

_____

Before RILEY, FAGG, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After Larry D. Cage shot his girlfriend, Sherry Tucker, the Government charged Cage with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At trial, Cage asked the district court[*] to instruct the jury on the affirmative defense of justification, arguing he possessed his mother's gun only to protect himself from Tucker, who had assaulted and threatened him about twelve hours before the shooting. The district court declined to give the instruction, stating Cage had not presented evidence from which the jury could find Cage was under an

_____

[*]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

immediate threat of death or serious bodily injury, and Cage had ample opportunity to contact the police to oust Tucker from the premises, but did not do so. Cage appeals, and we affirm.

Cage first contends the district court should have instructed the jury on the affirmative defense of justification. Although we have not yet recognized a defense of legal justification to a violation of § 922(g), a few other circuits have allowed the defense in extraordinary circumstances. To warrant the defense, the defendant must show, among other things, that he was under an imminent threat of death or serious bodily injury and he had no reasonable legal alternative to violating the law. See United States v. Lomax, 87 F.3d 959, 961 (8th Cir. 1996) (citing cases); see also United States v. Bell, 411 F.3d 960, 964 (8th Cir. 2005). We have consistently refused to recognize the defense when the defendant failed to pursue lawful options. Bell, 411 F.3d at 964.

At trial, Cage testified he lived in his mother's house and she owned a gun she kept in her bedroom. Cage had known Tucker for about two years, and they used crack and alcohol during their relationship. On January 31, 2003, at about 10:00 p.m., Cage and Tucker were arguing. Tucker hit Cage in the chest with a hammer. She stated she had buried one jerk and she would bury another one. After Tucker left Cage's residence at 10:30 p.m., Cage locked the doors. Tucker continued to telephone that night, but Cage only answered once. At about 4:30 a.m., Cage took the gun from his mother's bedroom and placed it under his pillow. At about 9:00 a.m., Tucker pulled open the locked screen door and let herself into Cage's house with a key. Tucker was carrying a knife, but Cage was able to disarm her. Tucker grabbed some broken glass, and nicked Cage's forehead and cut his wrist. Cage then reached down and picked up the gun from the floor. Tucker lunged at Cage, and he fired at her. Tucker was grazed in the back of the head. On cross-examination, Cage admitted he knew he could not lawfully possess a firearm and he shot Tucker with the gun.

Even if we believe Cage's testimony, we agree with the district court that Cage was not entitled to the defense. Cage could have called the police on the night of January 31 or when Tucker arrived the next morning, but never did so. He could have left his residence after Tucker departed on January 31, but did not. Further, Cage had the gun under his pillow for at least four hours on the morning of February 1, even though he was under no immediate threat of injury. Under the circumstances, we conclude Cage was not entitled to have the defense submitted to the jury.

Cage also asserts that had the justification instruction been given, the evidence would have been insufficient to convict him. We have already decided the district court properly refused to give the instruction. In any event, viewing the evidence in the light most favorable to the government, we conclude a reasonable jury could have found all the elements of the offense beyond a reasonable doubt. See United States v. Claybourne, 415 F.3d 790, 795 (8th Cir. 2005) (elements of § 922(g)(1) offense). Evidence at trial showed Cage was previously convicted of a crime punishable by more than a year in prison, he knowingly possessed the firearm when he used it to shoot Sherry Tucker, and the firearm had been in or affected interstate commerce. See id.

We thus affirm Cage's conviction.

_____