NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0111n.06

No. 08-4110

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 19, 2010**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JERRY WOOD,

Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

Before:  MERRITT, COOK, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Defendant Jerry Wood argues that he received ineffective assistance of counsel when his lawyer advised him to plead guilty rather than pursue a long-shot defense at trial.  We reject his argument, and affirm.

I.

In 1978, Wood was convicted of unlawfully possessing a machine gun.  He received a six-year sentence pursuant to the now-repealed Youth Corrections Act (YCA), which provided incentives for young offenders to rehabilitate themselves.  One incentive was that if the Parole Commission unconditionally released an offender before the end of his sentence—presumably for good behavior during it—the offender's conviction would be automatically expunged.  *See* 18 U.S.C. § 5021 (1976).  Wood did not clear this bar.  He violated the terms of his parole in 1980, and then absconded for nine months when the Parole Commission issued a warrant for his arrest.  As a result,

Wood served his full sentence, and his conviction was not expunged. *See United States v. Dempsey*, 733 F.2d 392, 398-99 (6th Cir. 1984). Nevertheless, Wood says that upon his release in 1985 the Parole Commission told him that his conviction was expunged.

Wood later obtained a large number of firearms. In February 2005, he went to a police station to register some of them. Through that process the police discovered Wood's 1978 felony conviction, which made it illegal for him to possess firearms. They obtained a search warrant for his home, executed it, and seized 22 firearms and over 6000 rounds of ammunition there.

The government indicted Wood under 18 U.S.C. § 922(g)(1) for being a felon in possession of firearms. Wood moved to dismiss the indictment, arguing that he was not a felon because his 1978 conviction had been expunged. The district court denied Wood's motion, holding that because Wood served his full sentence his conviction had not been expunged.

Wood thereafter pled guilty. At sentencing, Wood's counsel argued that Wood's "mistaken belief is not a defense . . . but it is something that . . . mitigates any sentence that is coming forth[.]" Sent. Tr. at 10. The district court acknowledged Wood's good-faith belief that he was not a felon, calculated Wood's Sentencing Guidelines range to be 63 to 78 months, and sentenced him to 68 months.

This appeal followed.

## II.

Wood argues that his counsel's advice to plead guilty violated his Sixth Amendment right to effective counsel. Although we generally do not address ineffective-assistance-of-counsel claims on direct review, we may do so "when the record is adequately developed to allow this Court to

assess the merits of the issue." *United States v. Hall*, 200 F.3d 962, 965 (6th Cir. 2000). The record is adequately developed here.

We review ineffective-assistance claims *de novo*. *Id.* To prevail on an ineffective-assistance claim, the defendant must prove that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient only if it falls "below an objective standard of reasonableness" evaluated "from counsel's perspective at the time." *Id.* at 688, 689. We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689.

Wood now argues that "he would have been acquitted" if his counsel had only presented a defense based on his "good faith belief that his 1978 conviction had been expunged." Wood's Br. at 9. Thus, by failing to present that defense, Wood says, his counsel rendered ineffective assistance.

Wood's argument is predicated on an unrealistic view of the caselaw. This court has twice held, albeit in unpublished opinions, that "the only knowledge required for a § 922(g) conviction is knowledge that the instrument possessed is a firearm." *United States v. Davis*, 27 F. App'x 592, 599 (6th Cir. 2001) (internal quotation marks omitted); *see also United States v. Hunter*, 4 F. App'x 295, 302 (6th Cir. 2001) (holding that "a good faith belief . . . defense was unavailable as a matter of law"). This court also stated in a published opinion—interpreting § 922(g), which prohibits possessing ammunition as well as firearms—that "the government does not have to prove that the defendant knew he was a felon, only that he knowingly possessed the ammunition." *United States v. Olender*, 338 F.3d 629, 637 (6th Cir. 2003). Moreover, almost every court that has considered the

good-faith defense has rejected it. *See, e.g.*, *United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003); *United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997); *United States v. Lomax*, 87 F.3d 959, 962 (8th Cir. 1996); *United States v. Capps*, 77 F.3d 350, 352 (10th Cir. 1996); *United States v. Langley*, 62 F.3d 602 (4th Cir. 1995) (en banc); *United States v. Dancy*, 861 F.2d 77, 81 (5th Cir. 1988); *but see United States v. Kitsch*, No. 03-594-01, 2008 WL 2971548 (E.D. Pa. Aug. 1, 2008).

Our dicta in *United States v. Gardner*, 488 F.3d 700, 715 n.2 (6th Cir. 2007)—that "'knowledge of felony status' is arguably an 'element of the crime' in many different species of 'felon in possession' cases"—does not change the long-shot character of the defense. It was therefore reasonable to advise Wood to cut his losses and plead guilty. Indeed, by pleading guilty, Wood lowered his Guidelines range by almost 20 months for acceptance of responsibility. In all likelihood, his counsel's advice shortened his prison term rather than lengthened it. There was no ineffective assistance here.

Wood's opening brief also raised various sentencing issues, but he now concedes that he waived his right to appeal those issues in his plea agreement. *See* Reply Br. at 6. We therefore do not reach them.

Wood's conviction and sentence are affirmed.