**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4211**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT CHRISTOPHER PARKS,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:08-cr-00291-NCT-1)

Submitted: March 28, 2011        Decided: August 4, 2011

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas H. Johnson, Jr., GRAY JOHNSON & LAWSON, LLP, Greensboro, North Carolina, for Appellant. John W. Stone, Jr., Acting United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Christopher Parks was convicted by a jury of possessing firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006), and sentenced to 41 months of imprisonment. He appeals, claiming, first, that his civil rights had been restored and, second, that the district court's denial of his defense of entrapment by estoppel constituted a denial of his right to due process. For the reasons that follow, we affirm.

Parks was convicted in North Carolina state court in 1988 of a felony drug offense and sentenced to five years imprisonment, with all five suspended, and placed on supervised probation. Parks' sentence was discharged on November 18, 1991; it is undisputed that he was not pardoned and his conviction was not overturned. In November 2007, officers with the Rockingham County, North Carolina, Sheriff's Department executed a search warrant at Parks' residence and retrieved a number of firearms. At trial, Parks argued that he believed that his civil rights had been restored and, therefore, he lawfully owned the guns at issue. In support of his defense, Parks attempted to introduce into evidence a 1997 order issued by a North Carolina state district court that directed the return of a certain firearm to the "rightful owner." The district court disallowed the

2

admission of this evidence and refused to instruct the jury on entrapment by estoppel.

Parks first argues that, under North Carolina law, his civil rights had been restored and, therefore, he was lawfully entitled to own a firearm. In determining whether state law provides that a defendant's civil rights have been restored, we look "to the whole of state law." See United States v. McLean, 904 F.2d 216, 218 (4th Cir. 1990). North Carolina law restores to convicted felons some civil rights upon release from prison. See N.C. Gen. Stat. § 13-1 (2009). Upon his discharge in 1991, Parks regained his "rights of citizenship," including his rights to vote, hold office, and serve jury duty. N.C. Gen. Stat. §§ 163-55(a)(2) and 9-3; see McLean, 904 F.2d at 217 n.1. However, Parks did not immediately regain his right to possess a firearm upon his release. At that time, North Carolina's Felony Firearms Act prohibited convicted felons from possessing firearms for five years after release from prison. N.C. Gen. Stat. § 14-415.1(a) (1975) (amended 1995).

In 1995, North Carolina amended the Felony Firearms Act to "replace the five-year temporary handgun disability with a permanent ban on the possession of handguns and certain other firearms by ex-felons[,]" regardless of the date of conviction. United States v. Farrow, 364 F.3d 551, 554 (4th Cir. 2004); see N.C. Gen. Stat. § 14-415.1(a) (1995). Under the pre-1995

3

statute, Parks' right to possess firearms would have been restored on November 18, 1996. However, Parks' rights were not restored on that date due to the intervening amendment of the statute. Moreover, this court has held that the retroactive application of amended North Carolina Felony Firearms Act complete ban on felon firearm possession does not violate the Ex Post Facto Clause. Farrow, 364 F.3d at 555. Finally, Parks' mistaken belief that his right to own a firearm had been restored is not a defense to a § 922(g) offense. United States v. Estrella, 104 F.3d 3, 9 (1st Cir. 1997); United States v. Lomax, 87 F.3d 959, 962 (8th Cir. 1996).

Parks also asserts that the district court abused its discretion by denying his request to present his evidence in support of a defense of "entrapment by estoppel." A criminal defendant may assert an entrapment by estoppel defense when the government affirmatively assures him that certain conduct is lawful, the defendant thereafter engages in the conduct in reasonable reliance on those assurances, and a criminal prosecution based upon the conduct ensues. See Raley v. Ohio, 360 U.S. 423, 438-39 (1959). To be able to assert the defense, however, a defendant has to show more than "vague or even contradictory" statements by the government; "he must demonstrate that there was 'active misleading' in the sense that the government actually told him that the proscribed conduct was

4

permissible." United States v. Aquino-Chacon, 109 F.3d 936, 939 (4th Cir. 1997). (internal citation omitted). Because Parks' evidence failed to establish the elements of the defense, the district court did not abuse its discretion in denying his request to introduce the state court order into evidence or to instruct the jury on the entrapment by estoppel defense.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED