NOT RECOMMENDED FOR FULL–TEXT PUBLICATION
File Name: 14a0442n.06

No. 12-2578

**FILED**
Jun 17, 2014
DEBORAH S. HUNT, Clerk

**UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT**

DAVID A. GOWARD,          )
                           )
      Petitioner – Appellant,   )
                           )
                           )    ON APPEAL FROM THE
v.                        )    UNITED STATES DISTRICT
                           )    COURT FOR THE EASTERN
UNITED STATES OF AMERICA,   )    DISTRICT OF MICHIGAN
                           )
      Respondent – Appellee.   )
                           )

**BEFORE: ROGERS, McKEAGUE, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** David Goward appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence, claiming ineffective assistance of counsel, prosecutorial misconduct, and other errors, including that the district court should have disqualified itself under 28 U.S.C. § 455. We AFFIRM.

**I.**

This court's unpublished opinion on Goward's direct appeal challenging the denial of his motion to suppress sets forth the pertinent background:

> Goward's convictions and sentences arise from an investigation conducted by the Bay Area Narcotics Enforcement Team ("BAYANET"). In the summer of 2002, BAYANET Officers Taylor and Mainprize went to the residence of Dan Novak based on information they received about possible marijuana trafficking. After being questioned by the officers, Novak agreed to be an informant on the large-scale marijuana trafficking operation run by Armondo Contreras and Goward.

1

Novak informed the detectives that Contreras and Goward had been arranging for truck loads of marijuana to be shipped from Texas to Michigan for some time. On at least two prior occasions, Novak had allowed Contreras to deliver truck loads of marijuana to his place of employment. Novak explained that the truck would arrive early in the morning before the rest of the employees came to work and the marijuana would be unloaded. On the first delivery, Contreras along with the truck's driver unloaded the marijuana. On the second delivery, Goward was present to help unload the marijuana.

With Novak's cooperation, the BAYANET Officers arranged a number of controlled purchases of marijuana from Goward and Contreras. On July 10, 2002, Officer Taylor and Novak purchased a pound of marijuana for $1,500. Later that day, Goward called Novak asking him to steal approximately $500 of lumber from his place of employment in exchange for marijuana. On July 12, 2002, Novak and Officer Taylor delivered lumber to Goward for approximately four ounces of marijuana.

After these controlled purchases, Novak told the officers that Contreras and Goward were planning the delivery of another large truck load of marijuana to Saginaw, Michigan from Texas. Specifically, Novak told Officer Taylor that the marijuana was to be delivered to Novak's place of business, where it would be unloaded and hidden for several days until Goward and Contreras would be able to go there and break it up into smaller units. The BAYANET Officers set up a surveillance video. On August 14, 2002, police witnessed a truck arriving at Novak's place of employment. Shortly thereafter, Contreras arrived and began unloading bricks of marijuana with the truck driver, co-defendant Chon Hinojosa ("Hinojosa"). While Contreras and Hinojosa were unloading the marijuana, the police arrested them. Goward, who is a part-time postal employee, was arrested later that morning while delivering mail on his route.

Soon after the seizure of the marijuana and the arrest of Contreras and Goward, the officers went to the Saginaw County Prosecutor's office to obtain search warrants for the relevant locations. One of these locations was Goward's residence, located at 2225 Birch Run Road. Officer Taylor submitted the affidavit for the warrant, which an assistant prosecutor drafted. Officer Taylor took the warrant to a state district judge, who authorized the search. The officers conducted a search of Goward's residence later that day. During the search, authorities seized 13 pounds of marijuana, $60,000 in cash, a dozen firearms, and over 400 pieces of undelivered mail.

*United States v. Goward*, 188 F. App'x 355, 356–57 (6th Cir. 2006).

Goward was charged in a multi-count indictment and convicted of conspiracy to distribute 100 to 1000 kilograms of marijuana, distribution of marijuana (2 counts), unlawful possession of firearms, and theft of mail by a post-office employee. He was sentenced to 121 months in prison. His direct appeal challenged the denial of his motion to suppress the fruits of search warrants, and also raised a sentencing issue. This court affirmed his conviction, but remanded for resentencing under *United States v. Booker*, 543 U.S. 220 (2005). On remand, Goward's sentence was reduced to 110 months. It was further reduced to 102 months after Goward's second appeal, in which he successfully challenged the calculation of his sentencing guidelines range as erroneously including stale convictions. *United States v. Goward*, 315 F. App'x 544, 551-52 (6th Cir. 2009).

Goward filed the instant § 2255 motion in December 2010; the district court denied the motion and declined to grant a certificate of appealability. After an appeal was docketed, Goward retained counsel who filed an application for a certificate of appealability, which this court granted.

**II.**

We review a denial of a § 2255 motion de novo while upholding the factual findings of the district court unless they are clearly erroneous. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (quoting *Mickens v. Taylor*, 535 U.S. 162 (2002)).

**A.**

Goward first asserts that the district judge presiding over his § 2255 motion could not fairly assess his claims of prosecutorial misconduct because the Assistant U.S. Attorney who prosecuted Goward is now a United States Magistrate Judge who works with the district judge,

3

and the district judge would thus have to rule on the credibility of a colleague. Although Goward asserts that the magistrate judge worked particularly closely with this district judge, he goes further and asserts that none of the district judges who work with the magistrate judge should decide a case in which the magistrate judge's conduct as a prosecutor is challenged.

A motion to disqualify must first be presented to the judge whose impartiality is questioned. *See United States. v. Balistrieri*, 779 F.2d 1191, 1202–03 (7th Cir. 1985). A judge must recuse himself under 28 U.S.C. § 455(a) "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). Goward acknowledges that he did not move for or otherwise seek the district judge's disqualification, but does not explain why he failed to do so. He attempts to sidestep the issue by asserting that the magistrate and district judges must have recognized the conflict, that the district judge "chose to conceal the information which would have led to a disqualification motion," and that Goward was proceeding pro se. We are not convinced. The information on which Goward bases his claim for disqualification was a matter of public record. The issue is waived and no plain error has been shown in the failure to recuse sua sponte. Further, the allegation of bias has no factual support, especially where Goward's claims based on prosecutorial misconduct were procedurally defaulted and were not considered by the district court on the merits in any event.

**B.**

Goward next argues that the district court erred in refusing to consider many of his claims on the basis that they were procedurally defaulted.[1] The district court correctly determined that

---

[1] Goward's 32-page motion is not entirely clear, but appears to assert that there was insufficient evidence of intent and quantity regarding the marijuana-distribution charges; that there was no conspiracy; that his sentence amounted to cruel and unusual punishment; that his conviction was

4

Goward failed to raise these claims on direct appeal, and that it could consider these claims only upon a showing that either (1) Goward had good cause for failing to raise the issues and would suffer prejudice if unable to proceed, or (2) Goward is actually innocent. *Bousley v. United States*, 523 U.S. 614, 621–22 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)). The district court observed that Goward alleged neither. *Goward v. United* States, No. 02-20043, 2012 WL 5383110, at *3 (E.D. Mich. Nov. 1, 2012) (citing *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)). We agree.

Goward takes issue with the district court's application of *Bousley* and reliance on cases finding procedural default where the conviction under attack was based on a guilty plea rather than a trial. But Goward does not explain the basis for this distinction or cite a case that holds that *Bousley* does not apply where the petitioner's conviction was secured through trial. Further, Goward's reliance on *United States v. Frady*, 456 U.S. 152 (1982), also cited by the district court, is misplaced. Goward reads *Frady* as supporting his claim that "the entrapment issues should have been heard because if true, then defendant did not commit a crime," and that the "withholding of evidence from Defendant" constitutes cause for any procedural default. Goward also asserts that any failure to raise a meritorious issue on appeal must have resulted from ineffective assistance of counsel, "another basis for 'cause.'"

The district court correctly concluded that these issues were not raised on direct appeal. Additionally, notwithstanding Goward's arguments, he has failed to show good cause for his

---

unfair because it was obtained by entrapment; that the U.S. Attorney withheld exculpatory information in the form of police reports acknowledging that prints were lifted off the controlled substance packaging that were not his; that the government used or made false statements to convict him; and that there was entrapment by estoppel. Goward's motion implies prosecutorial misconduct, although it does not specifically state so. None of these claims was raised on direct appeal. Goward claims that his counsel's failure to raise these issues is further evidence of ineffective of assistance of counsel. His habeas petition also impermissibly includes a renewed request to suppress evidence seized by the government.

failure to raise these issues on appeal or that he is actually innocent. Further, challenges to the weight or credibility of the evidence do not establish innocence, and claims of insufficient evidence short of establishing actual innocence will not be reviewed in a § 2255 proceeding. *Zack v. United States*, No. 93-2493, 28 F.3d 1215, at *3 (6th Cir. 1994) (table).

### C.

Goward's claims of ineffective assistance of counsel are properly raised in this § 2255 motion. *United States v. Graham*, 484 F.3d 413, 421–22 (6th Cir. 2007). To prevail on a motion under § 2255, a defendant must prove "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (2003)). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687.

**1.**

Goward argues that his trial counsel was ineffective in failing to object to and counter false testimony regarding mail seized during the search of his home; in failing to impeach a witness concerning how money was paid, by cash or check; by failing to establish that the DEA agent regarded a prosecution witness as unreliable; by failing to attack the testimony of a witness who had been represented by defense counsel; by failing to contact Contreras to testify for Goward; by failing to assert an entrapment defense and argue entrapment by estoppel; by failing to object to the improper actions of the prosecutor/magistrate judge; and by failing to be loyal to Goward.

We have reviewed Goward's arguments, the record, and the decision of the district court, and conclude that Goward's claims are either unsupported by the record, or that Goward has failed to meet the *Stickland* standard. Although Goward asserts that only "through an evidentiary hearing can he marshal the facts necessary to support his claims," this court has rejected that logic as "circular," noting that it would require giving every habeas petitioner an evidentiary hearing on every issue. *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (internal citations omitted). Goward has not made an adequate showing of the evidence he proposes to present at such a hearing.

**2.**

Goward also asserts that he was prejudiced by trial counsel's failure to obtain the records of his 1990 federal conviction, and argues that those records would show that the sentencing court told Goward he was barred from possessing a firearm only for five years. However, the district court correctly held that Goward would not have a valid defense even if the district court made such a statement. *See United States v. Hunter*, 4 F. App'x 295, 302 (6th Cir. 2001)); *see*

7

*also United States v. Wood*, 365 F. App'x 670, 671 (6th Cir. 2010) (rejecting ineffective assistance of counsel claim based on failure to raise defendant's good-faith belief that his predicate conviction had been expunged). For an affirmative defense of entrapment by estoppel, the defendant must establish that he actually relied on the advice of an executive branch official who actively misled him, and that his reliance was reasonable. *United States v. Theunick*, 651 F.3d 578, 589–90 (6th Cir. 2011). Obtaining the transcripts of Goward's 1990 conviction would not have enabled him to establish a viable defense.

**3.**

Finally, Goward claims that his trial attorney had a conflict of interest because he had previously represented Michael Joseph, a witness for the government, and argues that an attorney has an obligation to reveal such past representation to the defendant in advance of trial so that the defendant can consider seeking disqualification of the attorney.

If a defendant shows that his lawyer was "actively represent[ing] conflicting interests" and that "an actual conflict of interest adversely affected" the lawyer's performance, prejudice is presumed, at least when the conflicting representation is concurrent rather than successive. *Jalowiec v. Bradshaw*, 657 F.3d 293, 314 (6th Cir. 2011) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)).

Michael Joseph, a witness at Goward's trial, was represented by Goward's defense counsel ten years before Goward's trial, when Johnson pleaded guilty of possession of an unregistered, sawed-off shotgun. *United States v. Joseph*, No. 92-2101, 999 F.2d 541 (6th Cir. 1993) (table). Goward's counsel was not representing Joseph while representing Goward. Counsel's representation was thus serial, not concurrent. Because Goward has not identified any confidential information his counsel learned from Joseph that hampered cross-examination or

otherwise shown that his counsel's performance was adversely affected, Goward has not shown an actual conflict that influenced counsel's performance.

Because Goward failed to show cause and prejudice or ineffective assistance of counsel, we **AFFIRM.**